

**SCARINCI | HOLLENBECK** LLC
——— ATTORNEYS AT LAW ———

519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
212.286.0747 • sh-law.com

**CAROLYN E. KRUK** | Counsel
ckruk@sh-law.com
Phone: 212-390-8303

September 3, 2025

**MEMO ENDORSED**

Hon. Ona T. Wang
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *BigID, Inc. v. Nickolas S. Maxwell*, Index No. 25-CV-05571-JAV-OTW (S.D.N.Y.)
**First request for extension of Defendant's time to respond to the Complaint**

Dear Magistrate Judge Wang:

My office, Scarinci Hollenbeck, LLC., represents Defendant Nickolas Maxwell in connection with the above-identified action wherein Plaintiff BigID, Inc. claims that Defendant, a former employee of non-party BigID UK Ltd., engaged in alleged wrongdoing in connection with requests for reimbursement of expenses from his employer, non-party BigID UK Ltd. I write to respectfully request a brief 10-day extension of time for Defendant to respond to Plaintiff's Complaint, from September 8, 2025 to September 18, 2025. This is Defendant's first request for an extension.

Plaintiff filed its Complaint in this action on July 7, 2025 (ECF 1) and requested issuance of summons on July 30, 2025 (ECF 30). On August 10, 2025, Plaintiff's counsel filed a Certificate of Service purporting to claim that Defendant, who resides in the United Kingdom, by email and mail on August 15 and 18, 2025. *See* ECF 7. Assuming a service date of August 18, which Defendant reserves the right to dispute, Plaintiff's response to the Complaint would be due by September 8. My office was retained last week. Today, an Initial Case Management Conference was scheduled for September 30, 2025. ECF 9.

Defendant respectfully requests additional time – 10 days – to review the allegations in the 29-page Complaint and prepare an appropriate response. At this time, Defendant intends to file a motion to dismiss the Complaint based upon Plaintiff's failure to sufficiently serve Defendant in the UK, as well as the Court's lack of personal jurisdiction over Defendant.

This morning, I contacted Plaintiff's counsel to ask whether they consent to the brief extension. Plaintiff responded saying they do not consent because:



Our rationale is, as set forth partly in the certificate of service, that Defendant has had notice of and an opportunity to respond to the Complaint for nearly two months, and he has had notice of the substance of the claims BigID has against him for even longer. Further, in July, when the Complaint was filed, BigID agreed to allow Defendant time to secure counsel as a courtesy. Accordingly, from BigID's standpoint, Defendant has already had more than enough time to answer or otherwise respond.

While Plaintiff claims that Defendant has had an opportunity to "respond" to the Complaint for "nearly two months", the docket confirms that Plaintiff did not request issuance of the Summons until July 30 and did not attempt service upon Defendant in the UK until mid-August. My office was retained last week, shortly before the holiday weekend. Moreover, as mentioned above, additional time is needed to research and draft a detailed motion to dismiss that would dispose of the Complaint.

As mentioned above, this is Defendant's first request for an extension. The brief extension, if granted, will not impact any other deadline in this action.

Accordingly, I respectfully request an extension of Defendant's time to respond to the Complaint, from September 8, 2025 to September 18, 2025. Granted /oTN

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Carolyn E. Kruk

cc.     **by ECF**
        All counsel of record

So ordered.

Sept. 4, 2025

4905-5466-0710, v. 1